**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
7/23/2024
**JEFFREY P. COLWELL, CLERK**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. _____

(To be supplied by the court)

Taylor Joseph Gardarian,
Plaintiff
v.
Ed Sands; J. Matthew Mire, Town of Eagle, Attorney,
Thomas Rich, Town of Eagle Police Department,
Meghan Ashley Morrissey; Jessica Chezhia, Aspen Hope Center,
Dr. Brandon Paulsen, Vail Health Behavioral Health,
Dr. Drew Cameron, Behavioral Health & Wellness Center a campus of The Medical Center of Aurora,
Defendants.

**Jury Trial requested:**
✓ **– Yes**

---

## COMPLAINT

---

### A.    PLAINTIFF INFORMATION

State National, District of Washington: Taylor Joseph Gardarian – 413 Howard Street | PO Box 1863 – Eagle, Colorado 81631

  (Name and complete mailing address)

970-309-8318; tgardarian@hotmail.com

  (Telephone number and e-mail address)


### B.    DEFENDANT(S) INFORMATION

  Defendant 1:   Ed Sands; Town of Eagle Attorney – 200 Broadway | PO Box 609 – Eagle, Colorado 81631; Edwards Paul Sands – 450 West Avenue, Ste 204 – Rifle, Colorado 81650

     (Name and complete mailing address)

     970-328-6354; 970-625-1075; ed@sandslawoffice.com

        (Telephone number and e-mail address if known)


  Defendant 2:   J. Matthew Mire; Town of Eagle Attorney – 200 Broadway | PO Box 609 – Eagle, Colorado 81631; Hoffmann, Parker, Wilson, & Carberry, P.C., (COREY Y. HOFFMANN) – 511 16th Street, Suite 610 – Denver, Colorado 80202-4260

     (Name and complete mailing address)

     970-328-6354; 303-825-6444; jmm@hpwclaw.com

        (Telephone number and e-mail address if known)

Defendant 3:  Thomas Rich; Town of Eagle Police Department – 200 Broadway | PO Box 609 – Eagle, Colorado 81631

    (Name and complete mailing address)

    970-328-6351; thomas.rich@eaglepolice.org

    (Telephone number and e-mail address if known)

Defendant 4:  Meghan Ashley Morrissey; Jessica Chezhia, Hope Center of the Eagle River Valley – P.O. Box 2127/360 Eby Creek Road – Eagle, Colorado 81631; Aspen Hope Center – 227 Midland Ave Ste 15B | PO Box 1115 – Basalt, Colorado 81621, US; (J Cavanaugh O'Leary Jr. – 1500 Silver King Dr, Aspen, CO 81611, US)

    (Name and complete mailing address)

    970-306-4673; teresa@yourhopecenter.org

    (Telephone number and e-mail address if known)

Defendant 5:  Dr. Brandon Paulsen, Vail Health Behavioral Health – PO Box 1589 – Vail, Colorado 81658; Eagle Valley Mental Health; – 181 W Meadow Drive – Ste 100 – PO Box 40000 – Vail, Colorado 81657; (C T Corporation System – 7700 E Arapahoe Rd Ste 220 – Centennial, Colorado 80112, US)

    (Name and complete mailing address)

    970-445-2489; behavioral.health@vailhealth.org

    (Telephone number and e-mail address if known)

Defendant 5:  Dr. Drew Cameron; Behavioral Health & Wellness Center a campus of The Medical Center of Aurora AKA HealthONE Behavioral Health and Wellness Center – 700 Potomac St, Aurora, Colorado 80011; (C T Corporation System – 4900 S MONACO ST STE 380, DENVER , CO 80237, United States; PO BOX 750, NASHVILLE, TN 37202, United States; C T Corporation System – 7700 E Arapahoe Rd Ste 220 – Centennial, Colorado 80112, US)

    (Name and complete mailing address)

    844-556-2012; Dr. Drew Cameron – 720-282-8015

    (Telephone number and e-mail address if known)

## C.  JURISDICTION

✓    Federal question pursuant to 28 U.S.C. § 1331 (claims arising under the Constitution and federal laws).

1. This is a Civil Action for a claim arising under the Constitution and federal laws.
2. Plaintiff resides in the County of Eagle, State of Colorado.
3. The harm is a violation of Constitutional Amendment and deprivation of rights under the color of law.
4. Respondents conduct business in the County of Eagle, State of Colorado.
5. This Honorable Court has jurisdiction.

List the specific federal statute, treaty, and/or provision(s) of the United States Constitution that are at issue in this case.

1.  The United States of America – Constitution – First (1st) Amendment.
    a.  Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.
2.  The State of Colorado – Constitution – Bill of Rights – Section Ten, (10).
    a.  Freedom of speech and press.  No law shall be passed impairing the freedom of speech; every Person shall be free to speak, write or publish whatever He will on any subject, being responsible for all abuse of that liberty; and in all suits and prosecutions for libel the truth thereof may be given in evidence, and the jury, under the direction of the Court, shall determine the law and the fact.
3.  United States Code – Title 18 – CRIMES AND CRIMINAL PROCEDURE.  PART 1 – CRIMES.  CHAPTER 13 – CIVIL RIGHTS.  § 242 – Depravation of Rights Under Color of Law.
    a.  Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.
4.  Code of Federal Regulations – Title 26 Chapter 1 Subchapter A Part 2 – Internal Revenue Code Section 508(c) Exceptions – § 508(c)(1) Mandatory Exceptions.
    a.  Section 508(c)(1)(A) – Churches, their integrated auxiliaries, and conventions or associations of churches.
5.  *[Code of Federal Regulations – Title 26 Chapter 1 Subchapter A Part 1 – Internal Revenue Code – 1.501(c)(3)-1; a 509(a)(2) Church.
    a.  Section 509(a)(2) - a public charity which receives substantial revenues from a combination of contributions, membership fees, and gross receipts from activities that further its exempt purpose.]
6.  Colorado Revised Statutes – Title 7 – Corporations and Associations, Article 30 – Uniform Unincorporated Nonprofit Association Act.

3

D.    STATEMENT OF CLAIM(S)

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

### Claim One, (1) – Intentional Tortious Prior Restraint of the Freedom of Speech

1. March 24th, 2016, Defendant, (Ed Sands), issued Plaintiff a Letter of prior restraint on Plaintiff's freedom of speech by e-mail.
2. March 29th, 2016, Defendant, (Carrie Buhlman), re-issued Plaintiff a Letter of prior restraint on Plaintiff's freedom of speech by e-mail.
3. September 9th, 2016, Defendant, (Ed Sands), re-issued Plaintiff a Letter of prior restraint on Plaintiff's freedom of speech by e-mail.
4. June 15th, 2020, Defendant, (J. Matthew Mire), re-issued Plaintiff a June 1st, 2020, Letter of prior restraint on Plaintiff's freedom of speech served by Town of Eagle Police.
5. April 5th, 2022, Defendant, (J. Matthew Mire), re-issued Plaintiff a March 31st, 2022, Letter of prior restraint on Plaintiff's freedom of speech served by Town of Eagle Police.
6. Defendants' prohibit Plaintiff's specific publication, based on its content, after the exercise of discretion, in advance of publication.
7. Defendants' actions are in open defiance and (or) in reckless disregard of Plaintiff's first (1st) Amendment of The Constitution of The United States of America; Section ten, (10), of The Bill of Rights of The State of Colorado; C.F.R. Title 26 – Section 508(c)(1)(A) – Churches*; and the Uniform Unincorporated Nonprofit Association Act of The State of Colorado (C.R.S. 7-30).
8. Defendants' intentionally acted with a substantial degree of certainty; a prudent and reasonable person would consider this action exercised with usual behavior under the same or similar circumstances, without contrast error, would consequence an extraordinary risk.
9. Defendants' susceptibility for consequences is Their intended purpose transfers as intent to cause injury, harm, loss, and detriment to Plaintiff by a preponderance of the evidence.
10. Plaintiff yields to this Jury to enforce justice equivalent to the severity of the violation as the Jury may deem reasonable and just under the circumstances.

  Wherefore, Plaintiff demands judgement against Defendants under civil liability with punitive and compensatory restitution for damages with additional interest and costs; and to consider this act toward the preponderance of evidence in Claim Two, (2).

### Claim Two, (2) – Intentional Tortious Depravation of Rights Under Color of Law

1. February 23rd, 2022, Plaintiff initiated correspondence with Defendant, (Sergeant Thomas Rich), through the Vail Public Safety Communications Center to report home intruders and a

theft of: "Silene Undulata", occurrence on February 15th, 2022, at: [413 Howard Street], Eagle, Colorado.

2. February 23rd, 2022, Defendant, (Sergeant Thomas Rich), defied Plaintiff's report and asserted Plaintiff: "hallucinated", the intruders and theft.

3. February 24th, 2022, Defendants', (Sergeant Thomas Rich, Sergeant Suehrstedt, Officer Sanders; Aspen Hope Center, Meghan Ashley Morrissey), created a: "reasonable suspicion", to detain Plaintiff.

4. February 24th, 2022, Defendants', (Sergeant Thomas Rich, Sergeant Suehrstedt, Officer Sanders; Aspen Hope Center, Meghan Ashley Morrissey), willfully acted to deprive Plaintiff of rights under color of law with willful and wanton conduct in an involuntary physical: "wellness check", against Plaintiff based upon the reasonable suspicion.

5. February 24th, 2022, Defendants', (Sergeant Thomas Rich, Sergeant Suehrstedt, Officer Sanders; Aspen Hope Center, Meghan Ashley Morrissey), willfully acted with powers given by government in open defiance and (or) reckless disregard to deprive Plaintiff of federal Church rights and Their first (1st) Constitutional Amendment which protect Plaintiff under the color of law by provision of false evidence.

6. February 24th, 2022, Defendants', (Sergeant Thomas Rich, Sergeant Suehrstedt, Officer Sanders; Aspen Hope Center, Meghan Ashley Morrissey), actions placed Plaintiff into an involuntarily M-1 emergency medical hold, (M-1 transferred to Defendant, Vail Health Behavior Health; M-8 transferred to Defendant, Behavioral Health & Wellness Center a campus of The Medical Center of Aurora), that lasted for a three, (3) week duration which caused Plaintiff to suffer physical damage to Their right leg, involuntary administration of medication, one, (1) year of involuntary medical outpatient care, and severe emotional distress.

7. Defendants' actions are based upon false evidence and in open defiance and (or) reckless disregard to knowingly deprive Plaintiff of liberties protected under the first (1st) Amendment of The Constitution of The United States of America; C.F.R. Title 26 – Section 508(c)(1)(A) – Churches*; Section ten, (10), of The Bill of Rights of The State of Colorado; and the Uniform Unincorporated Nonprofit Association Act of The State of Colorado (C.R.S. 7-30).

8. Defendants' intentionally acted with a substantial degree of certainty; a prudent and reasonable person would consider this action exercised with usual behavior under the same or similar circumstances, without contrast error, would consequence an extraordinary risk.

9. Defendants' susceptibility for consequences is Their intended purpose transfers as intent to cause injury, harm, loss, and detriment to Plaintiff by a preponderance of the evidence.

10. Plaintiff yields to this Jury to enforce justice equivalent to the severity of the violation as the Jury may deem reasonable and just under the circumstances.

   Wherefore, Plaintiff demands judgement against Defendants under civil liability with punitive and compensatory restitution for damages with additional interest and costs; and to consider this act toward the preponderance of evidence in Claim One, (1).

### E.    REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do.  If additional space is needed to identify the relief you are requesting, use extra paper to request relief.  Please indicate that additional paper is attached and label the additional pages regarding relief as "E. REQUEST*

*FOR RELIEF."*

Wherefore, Plaintiff yields the Jury enforce justice with compensatory damages through an award for derivative noneconomic loss or injury and noneconomic loss or injury of the amount of: [$999,999.00], Claim One, (1); [$999,999.00], Claim Two, (2) as the Jury may deem reasonable and just under the circumstances.

## F.    PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct.  *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Plaintiff, Taylor Joseph Gardarian

/s/Taylor Joseph Gardarian

Plaintiff's Signature

July 23rd, 2024